UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>MIGUEL JIMINEZ-RUIZ,<br><br>                  Defendant. | Case No.: 3:18-mj-20457-BLM-GPC<br><br>**ORDER DENYING APPEAL OF MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND JUDGMENT** |

**I. INTRODUCTION**

Before the Court is Defendant-Appellant Miguel Jiminez-Ruiz's ("Appellant's") appeal of the judgment entered against him by the Magistrate Judge. (ECF No. 13.) On July 27, 2018, the United States filed a Complaint against Appellant for one count of 8 U.S.C. § 1325(a)(2), for knowingly eluding examination and inspection by immigration officers, a misdemeanor. (ECF No. 1.) That same day, Appellant, alongside a large number of other individuals apprehended pursuant to Operation Streamline, pleaded guilty to one count of 8 U.S.C. § 1325 before the Magistrate Judge. (ECF No. 3.) Thereafter, the Magistrate Judge entered a Judgment and prescribed a sentence of time served. (ECF No. 7.)

On August 8, 2018, Appellant filed a notice of appeal to the district court. (ECF No. 8.) The appeal is timely, and the Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402. Appellant asserts that the Magistrate Judge violated Federal Rule of Criminal Procedure 11(c)(1), which requires that a "court must not participate" in plea negotiations. FED. R. CIV. P. 11(c)(1). According to Appellant, "the judge told the parties that [s]he would not accept a guilty plea that day unless the defendant promised not to seek bond." (ECF No. 13, at 4.) The Government counters that narrative, asserting that the Magistrate Judge posed no such offer, and that her scheduling decision amounted to no more than an exercise of control over her docket for the benefit of judicial economy.

## II. DISCUSSION

A. <u>Standard of Review</u>

The Court reviews de novo whether a court's colloquy with a defendant satisfies the requirements of Rule 11(c)(1). *See United States v. Smith*, 60 F.3d 595, 597 n.1 (9th Cir. 1995). There are two standards of review for trial errors.

"[T]he harmless error standard applies to errors preserved by objections raised during a plea proceeding." *Aguilar-Vera*, 698 F.3d at 1200 (citing FED. R. CRIM. P. 11(h)). Under this standard, if the government shows that the defendant would have pleaded guilty even without the Rule 11 error, the court must affirm. *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1061 (9th Cir. 2011). On the other hand, the plain-error standard applies where the defendant failed to raise the Rule 11 violation before the magistrate court. *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

The parties do not dispute that counsel for Appellant did not object at the time of the Magistrate Judge's colloquy. (*See* ECF No. 13 (acknowledging that "during the guilty-plea colloquy, defense counsel forgot to formally object to requiring her client to choose between pleading guilty and having a bond determination")). Instead, Appellant asserts on appeal that he was not required to preserve his objection because, given the experience of other defense attorneys raising similar objections before other courts, any

objection was futile. For this proposition, Appellant relies on *United States v. Kyle*, 734 F.3d 956 (9th Cir. 2013), which stated that a "failure to raise a futile objection does not waive the objection." *Id.* at 963 n.3.

The Court, however, does not read *Kyle* to cover the situation at hand. In that case, the Ninth Circuit acknowledged it may be inappropriate to penalize a defendant for failing to object when, for example, the defendant "had repeatedly objected," prior to the operative moment, that "he could not sign the plea agreement without meaningful representation." *Id.* (citing *United States v. Smith*, 640 F.3d 580, 586 (4th Cir. 2011)). Nor, would it be equitable to require a renewed motion for acquittal where the court's denial "a few moments earlier" of the defendant's motion for acquittal rendered any further motions futile. *Id.* (citing *United States v. Esquivel-Ortega*, 484 F.3d 1221, 1225 (9th Cir. 2007)). Critically, both examples cited by the Ninth Circuit in *Kyle* involved situations where the futility relied upon by the appellant arose by virtue of their having unsuccessfully raised the issue at a prior point in the underlying proceedings. Here, there is no indication that counsel for Appellant had ever set her objection before the Magistrate Judge. Nor has Appellant provided this Court with any caselaw indicating that futility—for purposes of plain error—may be grounded on the unavailing efforts of *other* litigants to make the same argument before *other* judges.

Accordingly, the Court will proceed pursuant to plain error review. To establish plain error, Appellant must demonstrate "(1) error, (2) that is plain, and (3) that affect[s] substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 631–32. In a Rule 11 appeal, "[t]he key inquiry is whether a defendant . . . can show a reasonable probability that, but for the error, he would not have entered the plea." *Kyle*, 734 F.3d at 963 (quotation marks and citation omitted). The requirement of prejudice is indispensable, since the Supreme Court has made clear that "vacatur of the plea [pursuant to Rule 11(c)(1)] is not in order

3

3:18-mj-20457-BLM-GPC

if the record shows no prejudice to [the defendant's] decision to plead guilty." *United States v. Davila*, 569 U.S. 597, 601 (2013).

B.     Analysis

Appellant contends that the Magistrate Judge violated Rule 11(c)(1) by offering to accept his guilty plea at his initial appearance only if he agreed to waive his right to seek bond. He characterizes the Magistrate Judge has having "dictat[ed] the terms by which a guilty plea would be accepted." (ECF No. 13, at 12.) According to Appellant, the Magistrate Judge extended him an offer: waive his right to a bond hearing, plead guilty, and have his plea accepted that same day, or seek bond and wait in detention for a separate hearing for a bond determination, set for four days after. Appellant claims that this "offer" was coercive given the confinement conditions applicable to individuals, like himself, who were apprehended pursuant to Operation Streamline.

An identical Rule 11(c)(1) challenge was presented, and rejected, in *United States v. Castro-Jiminez*, No. 18-mj-21127-KSC-H, 2018 WL 6011930 (S.D. Cal. Nov. 16, 2018). Like the court in *Castro-Jiminez*, the Court finds no indication in the record on appeal that the Magistrate Judge offered to accept Appellant's guilty plea at his initial appearance if he agreed to waive his right to seek bond. The only potentially-relevant statement by the Court to Appellant was that he "ha[d] the right to have bail considered in accordance with the Bail Reform Act. If you plead guilty today, I will not set bail." (ECF No. 13-3, at 29 (Ex. C, Hr'g. Tr. dated July 27, 2018.)) This statement is an unremarkable consequence of pleading: if a defendant pleads guilty, it obviates the need for the Court to set bail. *See Castro-Jiminez*, 2018 WL 6011930, at *2 ("[T]he issue of bail became moot when Defendant pleaded guilty and was sentenced to time-served at his initial appearance.").

The hearing transcript belies Mr. Jiminez's claim that the magistrate "judge told the parties that he would not accept a guilty plea that day unless the defendant promised not to seek bond." (ECF No. 13, at 1.) At no point did the Magistrate Judge tell Appellant that she would not accept his guilty plea unless he waived his right to a bond

4

hearing. Nor did she indicate that she would impose a certain sentence (i.e., time served) if he pleaded guilty.[1] Thus, the Magistrate Judge never pitched any sort of "offer," much less any coercive offer, to Appellant.

At most, it can be said that the Magistrate Judge exercised her discretion to control her calendar by setting any potential bond determination for hearing on an alternative day. The Magistrate Judge was well within her purview to chart her schedule as she did. As recognized by the Ninth Circuit, "district courts have inherent power to control their dockets . . . . [A]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively . . . ." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (internal quotation marks omitted). And the same discretionary power applies to magistrate judges. *See Alve v. Montgomery*, No. 14-CV-575-BEN-JLB, 2014 WL 3950665, at *2 (S. D. Cal. Aug. 11, 2014). As stated by the court in *Castro-Jiminez*, "the Magistrate Judge's docket management decision was reasonable and within her sound discretion, particularly in light of the fact that the issue of bond would become moot for any defendant who pleaded guilty and received a time-served sentence at their initial appearance." 2018 WL 6011930, at *2. The Magistrate Judge's actions were therefore not in error, much less plainly erroneous.

Appellant attempts to rebut this conclusion on the basis of *United States v. Bruce*, 976 F.2d 552 (9th Cir. 1991), which articulated three primary rationales for why judges are prohibited from participating in the plea negotiation process. None of those three rationales are applicable to this case.

First, Rule 11(c)(1) guards against "the high and unacceptable risk of coercing a defendant to accept the proposed agreement and plead guilty." *Id.* at 556. Here, there is no indication that there was any such risk of coercion. Counsel for Appellant represented

---

[1] That a time served sentence is the "practical reality" (ECF No. 13, at 11) for those Section 1325 defendants, like Appellant, who do not have a criminal history does not mean that the Magistrate Judge somehow marshalled that knowledge to influence his plea.

5

that he had decided to plead guilty even before any involvement from the Magistrate Judge. (ECF No. 13-3, at 6.) And Appellant himself indicated during his plea colloquy that nobody had made promises to him in order to get him to plead guilty. (*Id.*, at 35 ("MR. JIMINEZ-RUIZ: (through Interpreter) No. I only made myself a promise that I plead guilty.")) To the extent that Appellant seeks to rely on the discomforts of detention under Operation Streamline, he has failed to make any assertion that his pre-plea conditions affected his decision to plea or his mental state. Indeed, Appellant states only that he had trouble getting to sleep during the one night in custody.

The second purpose for Rule 11(c)(1) is to preserve judicial neutrality and "protect[] the integrity of the judicial process." *Id.* at 556. This is not a case like *Gonzalez-Melchor*, 648 F.3d 959 (9th Cir. 2011), where the district court directly negotiated an appellate waiver with the defendant in exchanged for a reduced sentence. Nor is it anywhere in the vicinity of *United States v. Anderson*, 993 F.2d 1435 (9th Cir. 1993), where the court indicated that it would not accept a guilty plea to fewer than all thirty counts in the indictment. The Magistrate Judge did not negotiate with Appellant directly; in fact, her scheduling decision was applicable to all of the many defendants appearing before her that day and cannot fairly be accused of being anything but neutral.

The third purpose served by Rule 11(c)(1) is to preserve the judge's ability to "objectively assess the voluntariness of the plea eventually entered by the defendant." *Bruce*, 976 F.2d at 556. Here, there is nothing indicating that the Magistrate Judge was rendered incapable of ascertaining the soundness of Appellant's plea by virtue of having made a scheduling decision. Indeed, counsel for Appellant represented at the initial appearance that her client was entering into the plea knowingly and voluntarily. (ECF No. 13-3, at 15.)

To conclude, the Court will not find reversible error in this case based on Rule 11(c)(1). Even assuming there was error, Appellant failed to demonstrate the error was plain, or that he was prejudiced by the Magistrate Judge's actions. Plain error requires an error that is "clear" or "obvious" under the law. *United States v. Gonzalez-Zotelo*, 556

6

F.3d 736, 741 (9th Cir. 2009). It is not obvious or clear that there is any authority holding that criminal defendants are entitled to both a decision on a bond and a plea hearing on the same calendar day. *See, e.g.*, *Castro-Jiminez*, 2018 WL 6011930, at *2. Having cited no cases for this proposition, Appellant cannot hope to prevail under the plain error standard. Further, because Appellant was prepared to plead guilty even before he made his initial appearance, he cannot demonstrate prejudice, i.e., "a reasonable probability that, but for the error, he would not have entered the plea." *Kyle*, 734 F.3d at 963 (quotation marks and citation omitted).[2]

### III. CONCLUSION

For the reasons above, the Court **denies** Appellant's appeal and **affirms** his conviction and judgment.

**IT IS SO ORDERED.**

Dated: December 21, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] It should be noted that Appellant's failure to show prejudice from the Magistrate Judge's actions—i.e., that it was "'reasonably probable', that, but for the improper judicial interference, the defendant would have proceeded differently,"—would frustrate his appeal under harmless error analysis as well. *Kyle*, 734 F.3d at 963 (quoting *Davila*, 569 U.S. at 612).